IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD JONES,<br>B13486, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ANTHONY WILLS,<br>JOHN DOE GARCIA,<br>MR. RAMSEY,<br>BENT,<br>JULICH/JURLICH,<br>MR. MALDONADO,<br>SARA QUICK,<br>JANE DOES 1-7, | )    Case Nos. 23-cv-2804-DWD &<br>)                    23-cv-2889-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

These matters are before the Court on pro se Plaintiff Gerald Jones' pleadings and motions concerning his current incarceration in the Illinois Department of Corrections (IDOC) at Menard Correctional Center (Menard). Plaintiff filed two separate complaints about his current confinement in August of 2023---*Jones v. Wills, et al.*, 23-cv-2804-DWD (filed August 15, 2023) and *Jones v. Jeffreys, et al.*, 23-cv-2889-SMY (filed August 21, 2023). Both matters were reviewed for the first time under 28 U.S.C. § 1915A, and claims were allowed to proceed. As the cases proceeded, the Court became aware that the allegations in both cases were closely related, so the second case—23-cv-2889—was reassigned to the undersigned for efficient handling. Upon a thorough review of both files, the Court now

finds it an appropriate use of judicial resources to formally consolidate both cases into a single operative matter.

Federal Rule of Civil Procedure 42(a) provides that: if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.  The Court has broad discretion to consolidate cases.  *Star Ins. Co. v. Risk Mktg. Group, Inc.,* 561 F.3d 656, 660 (7th Cir. 2009).  Factors to consider for consolidation include: the common questions of law and fact, convenience and judicial economy, delay, and undue prejudice.  *Id.*.

Here, the Court finds it appropriate to combine the two cases because they deal with facts and legal questions that directly overlap.  In case 23-cv-2804, Plaintiff presented claims about an alleged staff assault against him on July 29, 2023, his own subsequent acts of self-harm, and treatment he has received for both situations.  Of particular significance, he was allowed to proceed on an Eighth Amendment claim against Warden Anthony Wills for the alleged total failure of Menard staff to respond to his repeated pleas for medical and mental health treatment.  In relation to this claim, he also has a Motion for Preliminary Injunction (Doc. 8) actively pending in case 23-cv-2804, and Menard staff have been directed to take explicit steps to analyze and set a treatment plan for his potential needs.  Meanwhile, in case 23-cv-2889, Plaintiff was allowed to proceed on Eighth Amendment and intentional infliction of emotional distress claims against seven Jane Doe defendants for their provision of services from July of 2023-August 21, 2023.  Plaintiff has been in the process of discovering the identify of these parties by a

Court-directed schedule and in cooperation with Warden Wills.  Given the direct overlap between the claims in these two cases, the Court now finds it appropriate to consolidate the two matters.

The matters will be consolidated, and all pending motions will be transferred from case 23-cv-2889 into case 23-cv-2804.  Once the two cases are combined, the Court will rule on all pending motions and matters related to amending the operative pleadings, identifying Doe defendants, and effectuating service of process.  The Court will still proceed as scheduled with the hearing on the Motion for a Preliminary Injunction on February 1, 2024.

## Disposition

For the reasons set forth above, the Court in its discretion *sua sponte* **CONSOLIDATES** *Jones v. Wills, et al.*, 23-cv-2804-DWD and *Jones v. Jeffreys, et al.*, 23-cv-2889-DWD pursuant to Federal Rule of Civil Procedure 42(a).  The consolidation is for purposes of all further proceedings.  As the practice in this district is to consolidate into the lower numbered case, Case No. 23-cv-2804-DWD shall constitute the lead case, and every filing in the consolidated case shall have the case number 23-cv-2804-DWD.  **Case No. 23-cv-2889-DWD** is **administratively closed** due to consolidation.

To preserve all pending motions and issues, the Clerk of Court is **DIRECTED** to docket the following items from 23-cv-2889 into case 23-cv-2804:

- The Complaint (Doc. 1)
- The Order for Service (Doc. 10)
- The Scheduling Order (Doc. 17)

- Plaintiff's response (Doc. 18)

- Defendant Wills' Notice (Doc. 21) and Supplement (Doc. 22)

- Plaintiff's Motion to Amend the Complaint (Doc. 24)

- Plaintiff's Motion to Substitute (Doc. 25)

- Defendant Wills' Objection (Doc. 26)

- Plaintiff's Motion to Respond and Strike (Doc. 27)

Once the Clerk of Court has finished transferring the above documents to case 23-cv-2804-DWD, the Court will then review and rule on the pending motions, and it will initiate service of process as appropriate on additional defendants and claims.

**IT IS SO ORDERED.**

Dated: January 30, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge